Eric B. Fastiff (State Bar No. 182260)
efastiff@lchb.com
David T. Rudolph (State Bar No. 233457)
drudolph@lchb.com
Katherine C. Lubin (State Bar No. 259826)
klubin@lchb.com
Patricia A. Dyck (State Bar No. 288600)
pdyck@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Jonathan D. Selbin (State Bar No. 170222)
jselbin@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile:  (212) 355-9592

Christopher Seidman (State Bar No. 98884)
HARMON & SEIDMAN LLC
chris@harmonseidman.com
101 South Third Street, Suite 265
Grand Junction, CO  81501
Telephone:  (970) 245-9075
Facsimile:  (970) 245-8086

Maurice Harmon
HARMON & SEIDMAN LLC
maurice@harmonseidman.com
11 Chestnut Street
New Hope, PA  18938
Telephone: (215) 693-1953
Facsimile:  (970) 245-8086

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| DENNIS KUNKEL MICROSCOPY, INC., DAVID WROBEL, JOHN CUNNINGHAM and STEPHEN BABBITT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN WILEY & SONS, INC.<br><br>Defendant. | **Case No. 14-cv-3180-JSW**<br><br>**AMENDED CLASS ACTION COMPLAINT FOR COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. §§ 501 *ET SEQ.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Dennis Kunkel Microscopy, Inc., David Wrobel, John Cunningham, and Stephen Babbitt, individually and on behalf of all others similarly situated, for their Complaint against Defendant John Wiley & Sons, Inc. ("Wiley"), allege:

**INTRODUCTION**

1. This is a proposed class action for copyright infringement brought by Plaintiffs Dennis Kunkel Microscopy, Inc., David Wrobel, John Cunningham, and Stephen Babbitt (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, alleging copyright infringement against Wiley for use of photographs provided to Wiley (the "Photographs") beyond the limits of any licenses the Plaintiffs or Visuals Unlimited, a stock photo company, granted Wiley, or without any original license at all.

2. Wiley, a textbook publisher, obtains licenses to publish photographs in its textbooks from Visuals Unlimited. Visuals Unlimited, acting as an agent on behalf of the Plaintiffs, provides Wiley with limited licenses to use Plaintiffs' and Class Members' Photographs in print and electronic media. Instead of obtaining a "running royalty" license based on the number of books Wiley publishes, Wiley obtained a limited license to publish a fixed number of books based on a fixed license fee. Wiley then willfully exceeded that license, without permission or payment to the Plaintiffs for this use.

3. Wiley has been sued by numerous individual photographers and stock photo companies nationwide over the past several years for exceeding the limited licenses it obtained for photographs. Evidence submitted and findings by judges and juries in these actions confirm that Wiley has engaged in a widespread, systematic pattern of willful copyright infringement.

4. Because the lost licensing fee to any individual copyright holder is relatively small, and because the practice of exceeding licensing limits is so pervasive in the publishing industry, Plaintiffs now bring this class action on behalf of themselves and others similarly situated, to collectively enforce their copyrights against Wiley's infringing activity.

## JURISDICTION AND VENUE

5.  This is an action for injunctive relief, monetary damages, statutory damages, punitive damages, and interest under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq*.

6.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

7.  Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).  Defendant is located in the District and transacts business in the District.

8.  Intradistrict Assignment:  This action is properly assigned to the San Francisco/Oakland Division as Defendant maintains an office located at One Montgomery Street, San Francisco, California.

## PARTIES

9.  Plaintiff Dennis Kunkel Microscopy, Inc. is a science stock photography company. Dennis Kunkel Microscopy, Inc. is owned and operated by Dennis Kunkel, a professional photographer who currently resides in Kailua, Hawaii.

10. Plaintiff David Wrobel is a professional photographer who currently resides in Amherst, New Hampshire.

11. Plaintiff John Cunningham is a professional photographer who currently resides in Hollis, New Hampshire.

12. Plaintiff Stephen Babbitt is a professional photographer and the nephew of Dr. Richard G. Kessel, who is deceased.  Dr. Kessel was a professor in the biology department at the University of Iowa from 1961 until his retirement in 1997.  Dr. Kessel was an important early contributor to the field of histology—the study of microscopic anatomy of cells and tissues.  Dr. Kessel pioneered the use of the transmission electron microscope (TEM) as well as other important tools for capturing the fine detail of cells.  Throughout his career, Kessel applied these tools to produce ground-breaking images of sub-cellular structures.  Before his death, Dr. Kessel transferred ownership of the copyrights in images to his nephew, Mr. Babbitt.

13. Defendant John Wiley & Sons, Inc., a publisher of educational textbooks, is a New York corporation with its principal place of business in New Jersey. Wiley maintains an office in San Francisco, California and conducts business in California. Wiley sells and distributes textbooks in which the Plaintiffs' and Class Members' Photographs are unlawfully reproduced, in California and throughout the United States. At all relevant times, Wiley acted through its various imprints and divisions.

## FACTUAL ALLEGATIONS

### Wiley's Infringement of Plaintiffs' Copyrighted Photographs

14. Plaintiffs are copyright holders of all the described photographic images ("Photographs") referenced in Exhibits A through D, whose registration status with the United States Copyright Office (if applicable) is set forth in those Exhibits.

15. Plaintiffs entered into agreements with Visuals Unlimited that allow Visuals Unlimited to provided limited licenses to publishers of the Plaintiffs' Photographs. The agreements authorized Visuals Unlimited to market Plaintiffs' Photographs and enter into license agreements for those Photographs. The agreements also allowed the Plaintiffs to market their Photographs independently.

16. Between 1990 and 2014, Visuals Unlimited sold Wiley limited licenses to use copies of the Photographs in numerous educational publications. The licenses Visuals Unlimited granted Wiley were expressly limited by number of copies, distribution area, language, duration, and/or media.

17. At the time Wiley represented to Visuals Unlimited in its requests that it needed specified, limited licenses to use the Photographs, Wiley often knew its actual uses under the licenses would exceed the permission it was requesting and paying for.

18. Wiley intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings with Visuals Unlimited, and to conceal the copyright infringements that followed. Wiley's false and misleading representations deceived Visuals Unlimited and the Plaintiffs and concealed the copyright infringements that followed.

1    19.    After obtaining licenses from Visuals Unlimited, Wiley exceeded the permitted use under the terms of those licenses. For example, Wiley has admitted it used Visuals Unlimited photographs without permission in the following publications: ALAN H. STRAHLER & ARTHUR STRAHLER, PHYSICAL GEOGRAPHY: SCIENCE AND SYSTEMS OF THE HUMAN ENVIRONMENT (2nd ed. 2003); T.W. GRAHAM SOLOMONS & CRAIG B. FRYHLE, ORGANIC CHEMISTRY (8th ed. 2004, 9th ed. 2007 & 10th ed. 2009); DONALD VOET & JUDITH G. VOET, BIOCHEMISTRY (3rd ed. 2004); MORRIS HEIN & SUSAN ARENA, FOUNDATIONS OF COLLEGE CHEMISTRY (11th ed. 2004 & 12th ed. 2006); KAREN HUFFMAN, PSYCHOLOGY IN ACTION (6th ed. 2001, 7th ed. 2003 & 8th ed. 2007); and DAVID HALLIDAY, ROBERT RESNICK & JEARL WALKER, FUNDAMENTALS OF PHYSICS (6th ed. 2000 & 8th ed. 2007). *See* Complaint, *Young-Wolff v. John Wiley & Sons, Inc.*, 12-cv-05230 (S.D.N.Y.) (July 5, 2012) (Dkt. 1), Exhibit 3.

20.   Wiley's practice of infringing copyrights extends beyond the publications in paragraph 19. Wiley has infringed Plaintiffs' Photographs. For example:

   a.   Dennis Kunkel Microscopy, Inc.

      i.   Plaintiff Dennis Kunkel Microscopy Inc. is the owner of the copyrights in the photographs in Exhibit A attached hereto.

      ii.   In or around May 2003, Dennis Kunkel entered into a contractual relationship with Visuals Unlimited whereby Visuals Unlimited would act as Mr. Kunkel's agent with respect to the sale and licensing of photographs submitted by Mr. Kunkel to Visuals Unlimited. Pursuant to this arrangement, Visuals Unlimited subsequently issued licenses to Wiley for use of Mr. Kunkel's photographs.

      iii.   On information and belief, Wiley has infringed Dennis Kunkel Microscopy Inc.'s copyright in the photographs contained in Exhibit A by exceeding the licensing rights Visuals Unlimited granted Wiley for the Kunkel Photographs, including, but not limited to, the number of copies, distribution area, language, duration, and/or media. For example, on July 6, 2009, Visuals Unlimited licensed the use of a Dennis Kunkel Microscopy Inc. photograph titled "Red blood cells in the Rouleau formation" to Wiley for use in MARY B. GROSVENOR & LORI A. SMOLIN, VISUALIZING NUTRITION: EVERYDAY CHOICES (1st ed. 2010), a Wiley publication. The

1  license was limited to 40,000 prints worldwide, including both hard copy and e-book uses. On
2  information and belief, Wiley has exceeded the licensing rights to "Red blood cells in the
3  Rouleau formation," as well as the other Photographs contained in Exhibit A, and therefore
4  engaged in copyright infringement.

      b.    David Wrobel

         i.    Plaintiff David Wrobel is the author of the photographs attributed to him in Exhibit B attached hereto.

         ii.    In or around January 2000, Mr. Wrobel entered into a contractual relationship with Visuals Unlimited whereby Visuals Unlimited would act as Mr. Wrobel's agent with respect to the sale and licensing of photographs submitted by Mr. Wrobel to Visuals Unlimited. Pursuant to this arrangement, Visuals Unlimited subsequently issued licenses to Wiley for use of Mr. Wrobel's photographs.

         iii.    On information and belief, Wiley has infringed Mr. Wrobel's copyright in the photographs contained in Exhibit B by exceeding the licensing rights Visuals Unlimited granted Wiley for the Wrobel Photographs, including, but not limited to, the number of copies, distribution area, language, duration, and/or media. For example, on November 10, 2004, Visuals Unlimited licensed the use of Mr. Wrobel's photograph titled "CU Wire" to Wiley for use in JOHN A. OLMSTEAD & GREGORY M. WILLIAMS, CHEMISTRY (4th ed. 2004), a Wiley publication. The license was limited to 40,000 prints worldwide, including both hard copy and e-book uses. On information and belief, Wiley has exceeded the licensing rights to "CU Wire," as well as the other Photographs contained in Exhibit B, and therefore engaged in copyright infringement.

      c.    John Cunningham

         i.    Plaintiff John Cunningham is the author of the photographs attributed to him in Exhibit C attached hereto.

         ii.    Mr. Cunningham entered into a contractual relationship with Visuals Unlimited whereby Visuals Unlimited would act as Mr. Cunningham's agent with respect to the sale and licensing of photographs submitted by Mr. Cunningham to Visuals Unlimited.

1    Pursuant to this arrangement, Visuals Unlimited subsequently issued licenses to Wiley for use of
2    Mr. Cunningham's photographs.

3                    iii.      On information and belief, Wiley has infringed Mr. Cunningham's
4    copyright in the photographs contained in Exhibit C by exceeding the licensing rights Visuals
5    Unlimited granted Wiley for the Cunningham photographs, including, but not limited to, the
6    number of copies, distribution area, language, duration, and/or media.  For example, on May 25,
7    2001, Visuals Unlimited licensed the use of Mr. Cunningham's photograph titled "Basophil
8    (magnification x 710)" to Wiley for use in GERARD J. TORTORA, PRINCIPLES OF HUMAN
9    ANATOMY (9th ed. 2001), a Wiley publication.  The license was limited to 40,000 prints in North
10   America.  On information and belief, Wiley has exceeded the licensing rights to "Basophil
11   (magnification x 710)," as well as the other photographs contained in Exhibit C, and therefore
12   engaged in copyright infringement.

13           d.      Stephen Babbitt

14                   i.      Plaintiff Stephen Babbitt is the owner of the copyrights in the
15   photographs in Exhibit D attached hereto.  The images were taken by, and the copyrights in them
16   were previously owned by, his uncle, Dr. Richard Kessel.

17                   ii.      In or around February 1991, Dr. Kessel entered into a contractual
18   relationship with Visuals Unlimited whereby Visuals Unlimited would act as Dr. Kessel's agent
19   with respect to the sale and licensing of photographs submitted by Dr. Kessel to Visuals
20   Unlimited.  Pursuant to this arrangement, Visuals Unlimited subsequently issued licenses to
21   Wiley for use of Dr. Kessel's photographs.

22                   iii.      On information and belief, Wiley has infringed Mr. Babbitt's
23   copyright in the photographs contained in Exhibit D by exceeding the licensing rights Visuals
24   Unlimited granted Wiley for the Kessel Photographs, including, but not limited to, the number of
25   copies, distribution area, language, duration, and/or media.  For example, on May 17, 2004,
26   Visuals Unlimited licensed the use of Kessel's photograph titled "Thyroid" to Wiley for use in
27   GERARD J. TORTORA, PRINCIPLES OF HUMAN ANATOMY (10th ed. 2004), a Wiley publication.
28   The license was limited to 40,000 prints in North America, including both hard copy and e-book

1  uses.  On information and belief, Wiley has exceeded the licensing rights to "Thyroid," as well as
2  the other photographs contained in Exhibit D, and therefore engaged in copyright infringement.

### Wiley's Pattern of Infringement

4  21. Wiley's practice of requesting and paying for a license for limited uses, and then
5  exceeding those licensed uses, extends far beyond the publications in Exhibits A-D.  While the
6  licensing fee lost to any individual copyright holder is relatively small, Wiley has sold and
7  distributed millions of these publications, generating millions of dollars in profits.  Wiley's
8  business model, built on a foundation of pervasive copyright infringement and fraud, deprived
9  Plaintiffs and thousands of other visual art licensors of their rightful compensation and unjustly
10 enriched Wiley with substantial profits in the process.

11  22. Numerous other photographers and stock photographer agencies have brought
12 actions against Wiley alleging copyright infringement claims nearly identical in substance to
13 those asserted by Plaintiffs in this action.  Wiley has been sued for copyright infringement in at
14 least the following 22 actions:

15  a. *John Wiley & Sons, Inc. v. Hiser*, No. 09-cv-04307 (S.D.N.Y.);
16  b. *Grant Heilman v. John Wiley & Sons, Inc.*, No. 11-cv-01655 (E.D. Pa.);
17  c. *Visuals Unlimited, Inc. v. John Wiley & Sons, Inc.*, No. 11-cv-0415
18     (D.N.H.);
19  d. *Degginger et al. v. John Wiley & Sons, Inc.*, No. 11-cv-006600 (E.D. Pa.);
20  e. *Bean v. John Wiley & Sons, Inc.*, No. 12-cv-8001 (D. Ariz.);
21  f. *DRK Photo v. John Wiley & Sons, Inc.*, No. 11-cv-8133 (D. Ariz.);
22  g. *Psihoyos v. John Wiley & Sons, Inc.*, No. 11-cv-01416 (S.D.N.Y.);
23  h. *Frerck v. John Wiley & Sons, Inc.*, No. 11-cv-2727 (N.D. Ill.);
24  i. *Cole v. John Wiley & Sons, Inc.*, No. 11-cv-02090 (S.D.N.Y.);
25  j. *Warren v. John Wiley & Sons, Inc.*, No. 12-cv-05070 (S.D.N.Y.);
26  k. *Rubin v. John Wiley & Sons, Inc.*, No. 12-cv-05071 (S.D.N.Y.);
27  l. *Young-Wolff v. John Wiley & Sons, Inc.*, 12-cv-05230 (S.D.N.Y.);

|   |   |   |
|---|---|---|
| 1 | m. | *Muench Photography, Inc. v. John Wiley & Sons, Inc.*, No. 12-cv-07502 (S.D.N.Y.); |
| 3 | n. | *Beasley v. John Wiley & Sons, Inc.*, No. 12-cv-8715 (N.D. Ill.); |
| 4 | o. | *Clifton v. John Wiley & Sons, Inc.*, No. 13-cv-02923 (N.D. Cal.); |
| 5 | p. | *Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-cv-01662 (E.D. Pa.); |
| 6 | q. | *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, No. 13-cv-03246 (N.D. Cal.); |
| 8 | r. | *Panoramic Stock Images, Ltd. v. John Wiley & Sons, Inc.*, No. 12-cv-10003 (N.D. Ill.). |
| 10 | s. | *Senisi v. John Wiley & Sons, Inc.,* No. 13-cv-3314 (S.D.N.Y.); |
| 11 | t. | *Wells v. John Wiley & Sons, Inc.,* No. 14-cv-6745 (S.D.N.Y.); |
| 12 | u. | *Dwight v. John Wiley & Sons, Inc.*, No. 14-cv-6742 (S.D.N.Y.); and |
| 13 | v. | *Gibson v. John Wiley & Sons, Inc.*, No. 14-cv-6743 (S.D.N.Y.). |

23. Evidence submitted to the courts in the above actions demonstrates that Wiley has engaged in a widespread, systematic pattern of copyright infringement. In particular, Wiley has been found to have infringed copyrights in the following cases:

   a. *Psihoyos v. John Wiley & Sons, Inc.*, No. 11-cv-01416 (S.D.N.Y 2011). After a six-day trial, a jury found that Wiley had infringed the copyright of three photographs owned by Louis Psihoyos by exceeding the license Wiley had obtained from Psihoyos or his agents. As to two of the three photographs, the jury found that Wiley's infringement had been willful.

   b. *Bean v. John Wiley & Sons, Inc.*, No. 11-cv-8028 (D. Ariz. 2011). Wiley was found liable for 108 counts of copyright infringement for engaging in the same copyright infringement scheme as described herein.

   c. *DRK Photo v. John Wiley & Sons, Inc.*, AAA No. 76 143 00193 11 S1M. The arbitrator found that Wiley had engaged in copyright infringement by exceeding the scope of licenses DRK had granted Wiley with respect to the following publications:

      i. DEBLIJ & MILLER, PHYSICAL GEOGRAPHY;

ii. STAHLER, INTRODUCING PHYSICAL GEOGRAPHY (1st ed.);

iii. SKINNER, BLUE PLANET (1st ed.);

iv. BOTKIN & KELLER, ENVIRONMENTAL SCIENCE (1st ed.);

v. BRUM, FUNDAMENTALS (1st ed.);

vi. SKINNER, DYNAMIC EARTH (3rd ed.);

vii. deBLIJ, PHYSICAL GEOGRAPHY (2nd ed.);

viii. deBLIJ, PHYSICAL GEOGRAPHY (2nd ed.), cover photo;

ix. MURCK, ENVIRONMENTAL GEOLOGY (1st ed.);

x. HAZEN, INTRODUCTION TO PHYSICAL SCIENCE (1st ed.);

xi. STRAHLER, INTRODUCTION TO PHYSICAL GEOGRAPHY (1st ed.);

xii. MURCK, DANGEROUS EARTH, SPIN-OFF VERSION;

xiii. STRAHLER, SCIENCE OF PHYSICAL GEOGRAPHY;

xiv. BOTKIN & KELLER, ENVIRONMENTAL SCIENCE (2nd ed.); and

xv. TREFIL, THE SCIENCES (2nd ed.).

d. *Frerck v. John Wiley & Sons, Inc.*, No. 11-cv-2727 (N.D. Ill.). Wiley was found liable for 52 counts of copyright infringement for engaging in the same copyright infringement scheme as described herein.

**Wiley Fraudulently Concealed Its Infringement From Plaintiffs**

24. Visuals Unlimited and the Plaintiffs relied to their detriment on the truthfulness of the express limitations contained in Wiley's license requests in establishing the fixed license fees for the Photographs, and suffered damages as a result of Wiley's unlawful copyright infringement of the Plaintiffs' Photographs.

25. When Wiley copied, distributed, and used the Photographs without authorization, Wiley had a duty to disclose those uses to Visuals Unlimited. This is especially so because Wiley knew precisely when its use of the Photographs exceeded the scope of the license but Visuals Unlimited and the Plaintiffs had no such knowledge nor any reason to assume Wiley was being deceitful in the uses it was making of the Photographs. To date, Wiley has not disclosed the full extent of its unauthorized uses to Visuals Unlimited or the Plaintiffs.

AMENDED CLASS ACTION COMPLAINT FOR COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. §§ 501 *ET SEQ.*
CASE NO. 14-CV-3180-JSW

1    26.    Wiley's fraud was effective and worked as intended. For years the infringement that followed Wiley's fraud was concealed.

### Plaintiffs' Discovery of Wiley's Infringement

27.    The underlying facts giving rise to a cause of action for Wiley's infringement of the Photographs were only discovered by Plaintiffs after Visuals Unlimited filed suit for copyright infringement and fraud against Wiley in the U.S. District Court for the District of New Hampshire in August 2011. But for Visuals Unlimited's discovery of Wiley's unlawful acts as to certain photographs, Wiley's infringements would still be fraudulently concealed from Visuals Unlimited and the Plaintiffs, as Wiley intended.

### Plaintiffs Have Standing to Bring These Claims

28.    Plaintiffs have standing to bring these claims against Wiley. The agreements the Plaintiffs entered into with Visuals Unlimited authorized Visuals Unlimited to market Plaintiffs' Photographs and enter into license agreements for those Photographs. The agreements also allowed the Plaintiffs to license their Photographs independently.

29.    On August 14, 2013, Arbitrator Deborah A. Coleman of the American Arbitration Association issued Case Order No. 5 in *Visuals Unlimited, Inc. v. John Wiley and Sons, Inc*., Case No. 11 143 Y 00658 13. Before the Arbitrator was the question of whether Visuals Unlimited had standing to prosecute a copyright infringement action against Wiley on behalf of approximately 189 photographers whose works Visuals Unlimited had licensed to Wiley.

30.    The Arbitrator held that Visuals Unlimited, as a non-exclusive licensee, was not the copyright owner entitled to the protections and remedies accorded a copyright owner by section 501(b) of the Copyright Act, and therefore had no standing to sue for copyright infringement. The Arbitrator found that the representation agreements between Visuals Unlimited and the Plaintiffs gave Visuals Unlimited a non-exclusive license to the photographs, with a right to grant sublicenses.

31.    The Arbitrator also held that "right to sue" agreements executed between Visuals Unlimited and the Plaintiffs, which purported to grant Visuals Unlimited the "right to make and

settle claims" relating to copyrighted works, did not give standing to Visuals Unlimited to sue Wiley for copyright infringement.

32. As the Arbitrator found in *Visuals Unlimited, Inc. v. John Wiley and Sons, Inc.*, the Plaintiffs are the legal and beneficial owners of the copyright, and are authorized by the Copyright Act, 17 U.S.C. § 501(b), "to institute an action for any infringement of that particular right committed while he or she is the owner of it."

## CLASS ACTION ALLEGATIONS

33. The Plaintiffs bring this class action lawsuit on behalf of themselves and the proposed Class Members under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

34. Plaintiffs seek certification of the following Class:

> All persons and entities residing in the United States that own and/or control the copyright and/or the relevant exclusive rights in a Photograph, who submitted such Photograph to Visuals Unlimited for licensing to third parties, and whose Photograph was subsequently transmitted to Wiley pursuant to a license agreement between Visuals Unlimited and Wiley; and whose copyrights in the Photographs Wiley infringed by printing copies or otherwise using the Photographs beyond the scope of the license agreements between Visuals Unlimited and Wiley, between 1995 and the present.

35. Plaintiffs also seek certification of the following Statutory Damages Sub-Class, of which Mr. Babbitt is a member and seeks to represent:

> All persons or entities residing in the United States that own and/or control the copyright and/or the relevant exclusive rights in a Photograph for which a certificate of registration was issued prior to infringement of the copyright or for which such registration was made within three months after the first publication of the work, who submitted such Photograph to Visuals Unlimited for licensing to third parties, and whose Photograph was subsequently transmitted to Wiley pursuant to a license agreement between Visuals Unlimited and Wiley, and whose copyright in the Photograph Wiley infringed by printing copies or otherwise using

1           the Photograph beyond the scope of the license agreements between Visuals

2           Unlimited and Wiley, between 1995 and the present.

3      36.     *Numerosity*.  Upon information and belief, there are approximately 189 potential

4 Class Members.  As such, Class Members are so numerous that joinder of all Class Members is

5 impracticable.

6      37.     *Commonality and predominance*.  Well-defined, nearly identical legal or factual

7 questions affect all Class Members.  These questions predominate over questions of fact that

8 might affect individual Class Members.  These common questions include, but are not limited to,

9 the following:

10          a.      Whether Visuals Unlimited's licenses to Wiley were limited in scope;

11          b.      The meaning of the terms in Wiley's request letters and the licenses issued

12 by Visuals Unlimited to Wiley for use of the Photographs;

13          c.      The meaning of the terms in Visual Unlimited's pricing agreements with

14 Wiley;

15          d.      Whether Wiley's use beyond the scope of Visuals Unlimited's licenses

16 constitutes copyright infringement;

17          e.      Whether Wiley knew or had reason to know that its conduct was infringing;

18          f.      Whether Wiley engaged in a systematic pattern and practice of willful

19 copyright infringement;

20          g.      Whether Plaintiffs and Class Members are entitled to actual damages and

21 profits attributable to the infringement;

22          h.      Whether Plaintiffs and Class Members are entitled to recover Wiley's

23 revenue attributable to infringement;

24          i.      Whether Plaintiffs and the Statutory Damages Sub-Class Members are

25 entitled to statutory damages;

26          j.      Whether Defendant should be enjoined from further distribution of the

27 Class Members' Photographs; and

28

1          k.      Whether Defendant should pay reasonable attorneys' fees and costs under 17 U.S.C. § 505 for copyright infringements after registration of the Photographs.

38.    *Typicality*.  Plaintiffs' claims are typical of the Class Members' claims.  Plaintiffs and the Class Members all sustained injury as a direct result of Defendant's pattern and practice of infringing conduct.

39.    *Adequacy*.  Plaintiffs will fairly and adequately protect Class Members' interests.  Plaintiffs have no interests antagonistic to Class Members' interests, and Plaintiffs have retained counsel that has experience and success in prosecuting complex class action and copyright infringement cases.

40.    *Superiority*.  A class is the superior method for fairly and efficiently adjudicating this controversy for the following reasons, without limitation:

    a.    Class Members' claims are relatively small compared to the burden and expense required to litigate their claims individually, so it would be impracticable for Class Members to seek individual redress for Wiley's unlawful and infringing conduct;

    b.    Even if Class Members could afford individual litigation, the court system could not.  Individual litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the Courts.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court; and

    c.    Plaintiffs anticipate no unusual difficulties in managing this class action.

## CAUSE OF ACTION

### Copyright Infringement

41.    Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

42.    The foregoing acts by Wiley constitute infringements of Plaintiffs' copyrights in the Photographs in violation of 17 U.S.C. §§ 501, *et seq*.

43.    Plaintiffs suffered damages as a result of Wiley's unauthorized use of the Photographs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following:

1. A preliminary and permanent injunction against Wiley and anyone working in concert with it from copying, displaying, distributing, selling, or offering to sell Plaintiffs' and Class Members' Photographs described in this Complaint and Plaintiffs' and Class Members' Photographs not included in this suit;

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiffs' Photographs used in violation of Plaintiffs' exclusive copyrights and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiffs' authorization;

3. An award of Plaintiffs' and Class Members' actual damages and all profits derived from the unauthorized use of Plaintiffs' and Class Members' Photographs or, where applicable and at Plaintiffs' election, statutory damages;

4. An award of punitive or exemplary damages against Wiley;

5. An award of Plaintiffs' reasonable attorneys' fees;

6. An award of Plaintiffs' costs and expenses, and expert witness fees;

7. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues so triable.

Dated: October 6, 2014          Respectfully submitted,

By: */s/ Eric B. Fastiff*
     Eric B. Fastiff

Eric B. Fastiff (State Bar No. 182260)
efastiff@lchb.com
David T. Rudolph (State Bar No. 233457)
drudolph@lchb.com
Katherine C. Lubin (State Bar No. 259826)
klubin@lchb.com
Patricia A. Dyck (State Bar No. 288600)
pdyck@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Jonathan D. Selbin (State Bar No. 170222)
jselbin@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Maurice Harmon
HARMON & SEIDMAN LLC
maurice@harmonseidman.com
11 Chestnut Street
New Hope, PA 18938
Telephone: (215) 693-1953
Facsimile: (970) 245-8086

Christopher Seidman (State Bar No. 98884)
HARMON & SEIDMAN LLC
chris@harmonseidman.com
101 South Third Street, Suite 265
Grand Junction, CO 81501
Telephone: (970) 245-9075
Facsimile: (970) 245-8086

*Attorneys for Plaintiffs*